UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CYNTHIA MEAHL,                                    CASE NO.

       Plaintiff,

vs.

CARNIVAL CORPORATION,

       Defendant(s).
_____/

## COMPLAINT FOR DAMAGES

COMES NOW, the Plaintiff, CYNTHIA MEAHL, by and through their undersigned counsel and hereby file this Complaint for damages against the Defendant(s), CARNIVAL CORPORATION, and further allege as follows:

## GENERAL ALLEGATIONS

1. This court has jurisdiction in that Plaintiff, CYNTHIA MEAHL is a resident of Citrus County, Florida, Defendant, CARNIVAL CORPORATION is incorporated outside of the state of Florida and this is an action for damages in excess of Seventy Five (75,000) Dollars.

2. Alternatively this action falls within the Federal maritime jurisdiction of this court in that Plaintiff was injured while on a means of ingress onto a vessel on navigable waters and the ticket of passage provides a forum selection clause selecting this court for all disputes arising thereunder.

3. That at all times material hereto, Defendant, owned, operated, possessed, controlled and maintained the passenger cruise ship, Carnival Sunshine.

4. That Plaintiff, CYNTHIA MEAHL, purchased her ticket for a cruise, boarded said vessel in Port Canaveral, Florida on November 8, 2015. At all times material hereto, Plaintiff, CYNTHIA MEAHL, was a passenger and an invitee on said vessel.

5. At all times material hereto, Plaintiff, CYNTHIA MEAHL, while she was a passenger and an invitee on said vessel used a motorized cart with the knowledge and consent of the defendant.

6. That on or about November 11, 2015, Plaintiff, CYNTHIA MEAHL, was boarding said vessel while using said motorized cart.

7. At said time and place, one of the employees of the Defendant, acting in the course and scope of his employment, negligently handled and lost control of said cart.

8. That as a direct and proximate result of said negligence, the Plaintiff, CYNTHIA MEAHL, was injured in and about her body and extremities.

9. Plaintiff has complied with all conditions precedent to the bringing of this action.

## COUNT I
## NEGLIGENCE VS. CARNIVAL CORPORATION

10. Plaintiff realleges all of the allegations contained in paragraphs one (1) through eight (9) and incorporates same herein.

11. At all times material herein, Defendant(s) owed the following duties:

    a. A duty to use reasonable and ordinary care to maintain said vessel including its ramps, walkways and methods of ingress in a reasonably safe condition;

    b. A duty to use reasonable and ordinary care to operate and/or handle said cart in a safe manner;

   c. A duty to use reasonable and ordinary care to maintain control of said cart

   d. A duty to handle, supervise, oversee and assist its passengers to safely embark upon and enter said vessel.

   e. A duty to provide a safe means of ingress to said vessel.

   f. An assumed duty to operate and/or handle said cart in a safe manner;

   g. A duty not to improperly, unsafely and/or negligently handle said cart;

   h. A duty to warn of any dangerous conditions of which it knew or should have known;

   i. A duty not to handle said cart in a dangerous manner;

   j. Other duties which may disclosed in discovery.

12. Defendant negligently breached the above mentioned duties by handling said cart in such an unsafe manner so as to lose control of same and cause injury to the Plaintiff.

13. At all times material hereto, the dangerous conditions presented by Defendant's unsafe handling of said cart were known to Defendant or existed for a sufficient length of time so that Defendant should have known of it.

14. As a proximate result of said negligence, the Plaintiff, CYNTHIA MEAHL, was injured in and about her body and extremities, suffered pain therefrom incurred medical expenses in the treatment of the injuries and suffered physical handicap. Plaintiff suffered bodily injury and resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life and expense of medical treatment. The losses are either permanent or continuing in nature and said Plaintiff will suffer the losses and impairment in the future.

WHEREFORE, Plaintiff, demands a judgment for damages against the Defendant and demands trial by jury of all issues triable as of right by a jury.

**HOFFMAN, LARIN & AGNETTI, P.A.**
909 North Miami Beach Blvd., Suite 201
Miami, FL 33162
(305) 653-5555 Phone; (305) 940-0090 Fax
Attorneys for Plaintiff


*/s/ David L. Perkins, Esq.*
David L. Perkins, Esq.
Florida No. 264911
John B. Agnetti, Esq.
Florida No. 359841
Pleadings@Hlalaw.com